IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANN M. DISHINGER,<br><br>Defendant. | CIVIL ACTION FILE<br>NO. 1:22-CV-3258-TWT |

OPINION AND ORDER

This is a civil insider trading case brought by the SEC. It is before the Court on the Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue [Doc. 18]. For the reasons set forth below, the Defendant's Motion to Dismiss or Transfer Venue [Doc. 18] is GRANTED in part and DENIED in part.

I.  Background[1]

This case arises from the alleged illegal insider trading of Equifax securities before the public announcement of the company's data breach in 2017. (Compl. ¶ 1). Shortly after discovery of the data breach, Equifax retained a public relations firm to help manage the anticipated media and government inquiries following public disclosure of the data breach. (*Id.* ¶ 2). The

---

[1] The Court accepts the facts as alleged in the Complaint as true for purposes of the present Motion to Dismiss. *Wildling v. DNC Servs. Corp.*, 941 F.3d 1116, 1122 (11th Cir. 2019).

Defendant Ann Dishinger was a finance manager for the firm at the time Equifax retained the firm. The Complaint alleges that she learned about the data breach through her employment and tipped off her boyfriend, L. Palmer, about the data breach, which was non-public information. (*Id.* ¶ 3). Though Dishinger did not trade herself, L. Palmer purchased short-term Equifax put options and also disclosed the data breach to his brother, J. Palmer. (*Id.* ¶¶ 3–4). J. Palmer then passed the data breach information on to a friend who also purchased Equifax put options. (*Id.* ¶ 5). The day after Equifax announced the news of the data breach, its stock price fell by nearly 14%, and the Palmers sold their put options for a profit. (*Id.* ¶ 6). On August 15, 2022, the SEC brought this suit seeking an injunction, disgorgement, and civil penalties. Dishinger now moves to dismiss the Complaint under Federal Rule 12(b) for failure to state a claim, improper venue, and lack of personal jurisdiction.

## II. Legal Standard

### A. Failure to State a Claim

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 12(b)(6). A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). In ruling on a motion to dismiss, the court

must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. *See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination"). Generally, notice pleading is all that is required for a valid complaint. *See Lombard's, Inc. v. Prince Mfg., Inc.*, 753 F.2d 974, 975 (11th Cir. 1985). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citing *Twombly*, 550 U.S. at 555).

### B. Venue

"When a defendant raises an objection to venue, the plaintiff bears the burden of demonstrating the chosen venue is proper." *Kuehne v. FSM Capital Mgmt., LLC*, 2013 WL 1814903, at *2 (S.D. Fla. April 29, 2013). Venue lies in "a judicial district in which any defendant resides," or in any "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(1), (a)(2); *see also Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003). In selecting a district in which a substantial part of the events or omissions occurred, "the venue analysis focuses on those relevant activities of the defendant—not the plaintiff—that 'have a close nexus to the wrong.'" *Tauriga Scis., Inc. v. Cowan, Gunteski &*

3

*Co.*, 2016 WL 5661631, at *2 (S.D. Fla. Sept. 30, 2016) (quoting *Kuehne*, 2013 WL 1814903, at * 2).

### C. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff has the burden of establishing a prima facie case by presenting enough evidence to withstand a motion for directed verdict." *United States ex rel. v. Mortgage Invs. Corp.*, 987 F.3d 1340, 1356 (11th Cir. 2021). In evaluating a plaintiff's case, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits or deposition testimony." *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). "And where the evidence presented by the parties' affidavits and deposition testimony conflicts, the court must draw all reasonable inferences in the plaintiff's favor." *Mortgage Invs. Corp.*, 987 F.3d at 1356.

### III. Discussion

In support of her motion to dismiss, Dishinger argues that the SEC has failed to state a claim against her because it improperly pleaded scienter and failed to allege any benefit to her. (Br. in Supp. of Def.'s Mot. to Dismiss, at 2).

4

Dishinger also argues that the Court should dismiss the case for improper venue and lack of personal jurisdiction, or in the alternative, transfer the case to the Northern District of Illinois. (*Id.* at 6–8). In response, the SEC argues that it has properly pleaded all requirements to state a claim against Dishinger, that venue in the Northern District of Georgia is proper, and that the Court retains personal jurisdiction over her. (SEC's Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 1). Because "courts should address issues relating to personal jurisdiction before reaching the merits of a plaintiff's claims," the Court begins with Dishinger's lack of personal jurisdiction argument and then considers her arguments for improper venue and failure to state a claim. *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 940 (11th Cir. 1997).

### A. Personal Jurisdiction

A court's exercise of personal jurisdiction over a nonresident defendant must comply with the due process clause, meaning that (1) the defendant must have purposefully established minimum contacts with the forum and (2) the exercise of jurisdiction must not offend the traditional notions of fair play and substantial justice. *U.S. S.E.C. v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997). When the statute authorizing jurisdiction provides for nationwide service, as the SEC statute does here, the defendant must have the requisite minimum contacts with the United States. *In re S1 Corp. Sec. Litig.*, 173 F. Supp. 2d 1334, 1345 (N.D. Ga. 2001); (Br. in Supp. of Def.'s Mot. to Dismiss, at

5

7). Nonetheless, the exercise of jurisdiction must still comport with the concepts of fair play and substantial justice, an inquiry weighing the burden on the defendant, the interests of the forum, and the plaintiff's interest in obtaining relief. *In re S1 Corp.*, 173 F. Supp. 2d at 1346.

Dishinger argues that this Court lacks personal jurisdiction because the exercise of jurisdiction would violate the traditional notions of fair play and substantial justice, considering that her alleged knowledge of the Equifax data breach, disclosure to Palmer, and the subsequent trades all occurred in Illinois. (Br. in Supp. of Def.'s Mot. to Dismiss, at 8). The SEC argues, in response, that this Court has personal jurisdiction over Dishinger because she "has not shown that litigating in the Northern District of Georgia is so unreasonable that her liberty interests have been infringed, and so gravely difficult and inconvenient that she is at a severe disadvantage." (SEC's Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 16). The SEC notes that Dishinger's arguments are essentially the same as the ones made with respect to venue. (*Id.* at 15).

When a case presents difficult questions of personal jurisdiction, federal courts may opt to transfer the case to an appropriate forum under the venue statute, 28 U.S.C. § 1404(a), without definitively resolving the jurisdictional question. *Elliott v. Williams*, 549 F. Supp. 3d 1333, 1341 (S.D. Fla. 2021) ("[W]here one court lacks personal jurisdiction over the defendant—or where the case presents difficult questions of personal jurisdiction—courts sometimes transfer under § 1404 rather than dismiss."). Accordingly, without deciding

6

whether the exercise of personal jurisdiction over Dishinger is proper, the Court considers the parties' venue arguments.

## B. Venue

Dishinger argues that this case should be dismissed for improper venue or, in the alternative, be transferred to the Northern District of Illinois because the crux of the SEC's claim occurred in Illinois. (Br. in Supp. of Def.'s Mot. to Dismiss, at 6, 8). The SEC argues, in response, that venue in the Northern District of Georgia is proper because Equifax's Atlanta headquarters and the events giving rise to the data breach constitute non-trivial acts in the forum state that are sufficient to establish venue. (SEC's Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 12–14). The SEC relies on several cases from outside the Eleventh Circuit in support of its position that venue is proper here. *See e.g.*, *S.E.C. v. Milton*, 2022 WL 3156180, at *6 (S.D.N.Y. Aug. 8, 2022) ("[A]ny nontrivial act in the forum district which helps accomplish a securities law violation is sufficient to establish venue. The act 'need not constitute the core of the violation, but should be an important step in the fraudulent scheme.'" (citations omitted)); *S.E.C. v. Carroll*, 835 F. Supp. 2d 281, 284 (W.D. Ky. 2011) (finding venue proper in the Western District of Kentucky where the defendant received an insider tip from a phone call originating in that district).

The Court concludes that both the venue statute and the SEC's cited cases favor a finding that venue is improper here in the Northern District of Georgia. The Complaint does not allege that a substantial part of the events

7

giving rise to the insider trading claim occurred in Georgia. The Complaint's only reference to Georgia is a paragraph alleging that Equifax's headquarters are in Georgia. (Compl. ¶ 16). Indeed, "Dishinger is a resident of Illinois, along with the two other codefendants. Dishinger's employer, the public relations firm hired by Equifax, is located in Illinois. Dishinger's knowledge and disclosure of the breach, along with the subsequent trades, occurred in the State of Illinois." (Br. in Supp. of Def.'s Mot. to Dismiss, at 6 (citations omitted)). Further, *Milton* and *Carroll* do not establish that venue is proper here. The complaint in *Milton* contained allegations that the defendant engaged in conduct in the district that "substantially contributed to effectuating the fraudulent scheme charged," unlike Dishinger here who did nothing in Georgia. *Milton*, 2022 WL 3156180, at *6. And though the circumstances giving rise to venue in *Carroll* are more attenuated from the forum district than in *Milton*, the defendant in *Carroll* nonetheless took a phone call from the forum state in which he received the insider tip giving rise to the SEC's claim. *Carroll*, 835 F. Supp. 2d at 285–87. Here, Dishinger did not receive a phone call from Georgia that informed her of the Equifax data breach, nor did she relay the tip via a phone call to Palmer while he was located in Georgia. Accordingly, the Court cannot conclude that a substantial part of the events giving rise to the insider trading claim occurred in Georgia, and therefore, the SEC has not carried its burden to establish that venue is proper in the Northern District of Georgia. Thus, the question becomes whether the

transfer of venue to the Northern District of Illinois is appropriate here.

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A court should consider the following factors in evaluating a motion to transfer under § 1404(a):

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The plaintiff's choice of forum generally enjoys a presumption of validity, especially in cases arising under federal securities laws. *Thayer/Patricof Educ. Funding, L.L.C. v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 35 n.9 (D.D.C. 2002). This presumption is given less weight, however, "where the plaintiff's choice of forum is not his residence." *Ervin & Assocs., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996). The party moving to transfer venue bears the burden of establishing that the balance of the § 1404(a) factors favors transfer. *S.E.C. v. Rand*, 2018 WL 11251601, at *2 (N.D. Ga. Dec. 6, 2018).

Dishinger argues that the totality of the circumstances here favor transfer of the case to the Northern District of Illinois. (Br. in Supp. of Def.'s

9

Mot. to Dismiss, at 9–10). Specifically, she argues that the convenience of the witnesses and parties favors transfer because all of the Defendants are residents of Illinois and because the relevant facts, documents, and sources of proof are all based in Illinois. She further claims that although the SEC's choice of forum should be afforded consideration and both forums have familiarity with the governing law, the factors favor transfer here because the SEC maintains an office in the Northern District of Illinois, whereas Dishinger would bear the cost of traveling to Atlanta for her trial. She claims that such a reality highlights the disparity in the parties' relative means. In response, the SEC contends that transfer would merely shift the inconvenience of the litigation from Dishinger to the SEC and that certain Equifax witnesses expected to testify about the data breach and their relevant documents are located in Atlanta. (SEC's Resp. Br. in Opp'n to Def.'s Mot. to Dismiss, at 17–19).

The Court agrees with Dishinger that the balance of the factors here favors transfer of the case to the Northern District of Illinois. The facts giving rise to the alleged insider trading all occurred in Illinois, and all material witnesses to the case are located in Illinois. Moreover, the Court agrees with Dishinger that the SEC overstates the importance of any Equifax witnesses or documents being located here in Atlanta; indeed, "[t]he materiality of the Complaint lies in Dishinger's [alleged] disclosure of the data breach and subsequent trading," all of which occurred in Illinois. (Reply Br. in Supp. of

10

Def.'s Mot. to Dismiss, at 9). Therefore, the Court orders transfer of this case to the Northern District of Illinois.[2]

## IV. Conclusion

For the foregoing reasons, the Defendant's Motion to Dismiss or, in the Alternative, Transfer Venue [Doc. 18] is DENIED in part and GRANTED in part. It is DENIED as to the Motion to Dismiss, and it is GRANTED as to the Motion to Transfer Venue. The Clerk is hereby DIRECTED to transfer this case to the United States District Court for the Northern District of Illinois.

SO ORDERED, this ___3rd___ day of April, 2023.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge

---

[2] Because transfer of the case under § 1404(a) is proper, the Court declines to address Dishinger's arguments in support of her motion to dismiss under Rule 12(b)(6).

11